ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

No.   19-cr-20738

v.

Hon.   Bernard A. Friedman

D-1 Joseph Ashton,

**Offenses:**
Count One – 18 U.S.C. § 1349;
Conspiracy to Commit Honest
Services Wire Fraud

Defendant.

_____/

Count Two – 18 U.S.C. § 1956(h);
Conspiracy to Commit Money
Laundering

FILED

DEC 0 4 2019

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**Maximum Penalty:**
Count One – Up to 20 years'
imprisonment

Count Two – Up to 10 years'
imprisonment

**Maximum Fine:**
Counts One and Two – Up to $250,000

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

JOSEPH ASHTON and the government agree as follows:

1

1. **Guilty Plea**

    A. **Counts of Conviction**

Defendant will enter a plea of guilty to counts one and two of the Information which charges him with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

    B. **Elements of Offenses**

The elements of count one, conspiracy to commit honest services wire fraud, are as follows:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit honest services wire fraud, as charged in the information; and

2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

The elements of honest services wire fraud are:

1. The defendant knowingly and unlawfully devised and participated in a scheme to defraud his employer of its right to the honest services of the defendant through bribery or kickbacks;

2. The defendant did so knowingly and with an intent to defraud;

3. The scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact; and

4. In furtherance or execution of this scheme, the defendant used or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

2

Defendant's Initials: _____

The elements of count two, conspiracy to commit money laundering, are as follows:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit money laundering, as charged in the information; and

2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

The elements of money laundering are:

1. The defendant knowingly engaged in a monetary transaction;

2. The monetary transaction was of a value greater than $10,000.00;

3. The monetary transaction involved criminally derived property;

4. The criminally derived property was derived from specified unlawful activity;

5. The defendant knew that the monetary transaction involved criminally derived property; and

6. The monetary transaction took place within the United States.

### C.  Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea and are relevant to the charges and time period contained in the Information:

The International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (UAW) was a labor organization engaged in an industry affecting commerce. The UAW represented tens of thousands of production, skilled trades, and salaried workers employed by the General Motors

3                                    Defendant's Initials: _____

Company (GM) at numerous locations in Michigan, and across the United States and Canada. The UAW was headquartered in Detroit, Michigan. The UAW-GM Center for Human Resources (CHR) was a tax-exempt corporation based in Detroit, Michigan. The stated purpose of the CHR was to develop, deliver, coordinate and administer joint strategies and programs designed to educate and train UAW-represented GM employees. GM's funding of the CHR was negotiated as part of the relevant collective bargaining agreements between UAW and GM. The Executive Board-Joint Activities (Executive Board) was the governing body responsible for overseeing and facilitating the joint activities of the CHR.

From in or about July of 2010, until in or about July of 2014, JOSEPH ASHTON was the UAW Vice President and Director of the GM Department. During this time, he also served as an officer on the CHR Executive Board. As a senior UAW official and  an officer on the CHR Executive Board, JOSEPH ASHTON was a fiduciary of the UAW and the CHR and was prohibited by UAW and CHR policy from accepting kickbacks and improperly using his position to benefit himself, his family and friends, and outside businesses.  JOSEPH ASHTON was required by state and federal law to discharge his duties solely in the interest of the union and its membership.

Jeffery Pietrzyk and Michael Grimes were senior officials in the UAW GM Department and also served on the CHR Executive Board. Vendor B was a chiropractor based in the Philadelphia, Pennsylvania, and southern New Jersey

4                                        Defendant's Initials: _____

areas. Vendor B had a relationship with JOSEPH ASHTON for many years preceding the relevant time period of this Information. In August of 2012, Vendor B opened a business which purported to sell American-made custom watches. The only income Vendor B's company earned was from UAW and CHR business.

### Conspiracy to Commit Honest Services Wire Fraud

From in or about 2012, through in or about July of 2016, JOSEPH ASHTON conspired with others including, Michael Grimes and Jeffery Pietrzyk, to devise a scheme to defraud the CHR and UAW members of their right to honest, faithful, and impartial services, including the CHR's and UAW members' right to conscientious, loyal, faithful, disinterested, unbiased service, to be performed free of deceit, undue influence, conflict of interest, self-enrichment, self-dealing, concealment, bribery, fraud, and corruption, and to cause writings, signals, and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice.

From in or about 2012, through in or about July of 2016, it was an object of the scheme to defraud for JOSEPH ASHTON, Michael Grimes, and Jeffery Pietrzyk to use their positions with the UAW and CHR to personally enrich themselves by deceptively soliciting, influencing, and obtaining contracts from the UAW and the CHR for Vendor B to provide watches to the CHR and to UAW members. In return, JOSEPH ASHTON, Michael Grimes, and Jeffery Pietrzyk

5

Defendant's Initials: _____

demanded and accepted from Vendor B hundreds of thousands of dollars in bribes and kickbacks in the form of cash and checks.

JOSEPH ASHTON, Michael Grimes, and Jeffery Pietrzyk concealed and did not disclose the manner in which a contract between the CHR and Vendor B was obtained or the fact that JOSEPH ASHTON, Michael Grimes, and Jeffery Pietrzyk accepted bribes and kickbacks from Vendor B.  JOSEPH ASHTON deposited into his bank accounts the cash and checks he received and also caused the CHR to send payments to Vendor B via interstate wire, thereby transmitting a writing or signal by means of a wire communication in interstate commerce.

### Conspiracy to Commit Money Laundering

From in or about 2012, through in or about July of 2016, JOSEPH ASHTON conspired with Michael Grimes and Jeffery Pietrzyk to knowingly engage in monetary transactions by depositing the cash and checks he received as kickbacks from Vendor B, through or to a financial institution in the United States, thereby affecting interstate and foreign commerce. The criminally derived property was of a value of at least $250,000.

**2.     Sentencing Guidelines**

**A.     Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence, following receipt of this Rule 11 Plea Agreement, the Presentence Report, and any other information that the Court may require of the parties.

6                                        Defendant's Initials: _____

### B.     Guideline Range

The government's recommended guideline range is **30 to 37 months**, and the

defendant agrees with this guideline range. Except as necessary to the Court's

determination regarding paragraph 2.B.1, neither party may take any position

concerning the applicable guidelines that is different than any position of that party

as noted above and as reflected in the attached worksheets. The defendant reserves

the right to argue for a variance from the agreed upon guideline range pursuant to

18 U.S.C. § 3553(a).

1. Findings that Increase the Government's Recommended Guideline
   Range

If the Court finds that (i) the defendant's criminal history category is higher

than reflected on the attached worksheets, or (ii) the offense level should be higher

because, after pleading guilty, the defendant made any false statement to or

withheld information from his probation officer, otherwise demonstrated a lack of

acceptance of responsibility for his offense, or obstruction of justice or committed

any crime, and if any such finding results in a guideline range higher than **30 to 37**

**months**, the higher guidelines range becomes the government's recommended

guidelines range in paragraph 2B.

7                                              Defendant's Initials: _____

2. <u>Findings That Do Not Increase The Government's Recommended Guidelines Range</u>

If the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the government's recommended guideline range.

**3.    Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

**A.    Imprisonment**

Pursuant to the Federal Rules of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

**B.    Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

8                                                      Defendant's Initials: _____

### C.   Special Assessment

Defendant will pay a special assessment of $200. The defendant is required to pay the special assessment immediately after sentence is imposed, and provide a receipt to the United States Attorney's Office within 24 hours of sentencing. The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

### D.   Fine

There is no agreement as to fines.

### E.   Restitution

Restitution is not applicable in this case.

### F.   Forfeiture

As part of this agreement, defendant agrees to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable to his participation in the described honest services wire fraud conspiracy under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Defendant also agrees to forfeit any property, real or personal, involved in or traceable to the money laundering conspiracy under 18 U.S.C. § 982(a)(1). Specifically, defendant agrees to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $250,000.00 (the "Money Judgment"). Defendant agrees that he personally obtained at least $250,000.00 as bribe payments as described in the Factual Basis for Guilty Plea, above. Defendant further agrees that he knowingly

9                                        Defendant's Initials: _____

engaged in monetary transactions with the bribes he received to conceal the nature of the funds.

Following entry of this Rule 11 Agreement, defendant agrees to the Court's prompt entry of one or more orders of forfeiture, and agrees to sign a Stipulated Preliminary Order of Forfeiture for the $250,000.00 Money Judgment, at his Rule 11 plea hearing, or within two weeks of that hearing. Defendant agrees that the forfeiture order shall be final and effective as to him upon entry.

Defendant acknowledges that he spent and dissipated many of the criminal proceeds that he obtained in connection with the described conspiracies, making these funds unavailable for forfeiture. For this reason, Defendant agrees that the Money Judgment may be satisfied through forfeiture of any property owned by him or under his dominion and control. Defendant explicitly agrees to the forfeiture of any and all identified substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to cooperate with the United States in connection with its efforts to identify, locate, seize, and forfeit property in accordance with this agreement. Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, any property that is forfeitable to the United States and will execute any legal documents that may be required to transfer title to the United States. Defendant will take whatever

10                                      Defendant's Initials: _____

steps are necessary to ensure that his assets are not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.

Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any form, to any forfeiture carried out in accordance with this plea agreement, on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the court to advise him of this, under Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request a jury determine forfeiture under Rule 32.2(b)(5).

## 4.    Other Charges

The government agrees that it will forego prosecution of JOSEPH ASHTON for other charges relating to the conspiracy to commit honest services wire fraud and money laundering and for any other matters revealed to the government during the investigation leading to this charge.

11                                    Defendant's Initials: _____

5.    **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

6.    **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

7.    **Consequence of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty pleas

12                                          Defendant's Initials: _____

becomes final, which charges relate directly or indirectly to the conduct underlying the guilty pleas or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8.     **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence does not exceed **37 months**, the defendant also waives any right he may have to appeal his sentence on any grounds.   If the defendant's sentence of imprisonment is at least **30 months,** the government waives any right it may have to appeal the defendant's sentence.

9.     **Collateral Consequences of Conviction**

Defendant understands that his convictions here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court,

13                                                      Defendant's Initials: _____

can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

**10.    Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**11.    Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

14                                                  Defendant's Initials: _____

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 12.    Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on November 8, 2019**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

MATTHEW SCHNEIDER
United States Attorney


DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption Unit


FRANCES LEE CARLSON
Assistant United States Attorney
Deputy Chief, Public Corruption Unit


EATON P. BROWN
Assistant United States Attorney

Date: October 29, 2019

15                                          Defendant's Initials: _____

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

JEROME BALLAROTTO
Attorney for Defendant

Date: 10/29/19

JOSEPH ASHTON
Defendant

Date: 10/27/19

16

Defendant's Initials: ___

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(1) | base offense level--20 year statutory maximum | 7 |
| (b)(1)(G) | loss > $250,000 | +12 |
| | | |
| | | |
| | | |

2.   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Abuse of position of trust. | +2 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

<div style="text-align:center">

**21**

</div>

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*    ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*    ✓

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

5. **TOTAL UNITS**

B-1

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

6. **INCREASE IN OFFENSE LEVEL**

   1 unit ⟶ no increase      2 1/2 – 3 units ⟶ add 3 levels
   1 1/2 units ⟶ add 1 level    3 1/2 – 5 units ⟶ add 4 levels
   2 units ⟶ add 2 levels       > 5 levels ⟶ add 5 levels



7. **ADJUSTED OFFENSE LEVEL OF GROUP
   WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

## 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**          **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**          **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**          **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*      If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*      A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



**4. TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| 0 |
|---|

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| I |
|---|

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

## WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   21

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   18

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   

   b. <u>Criminal History Category:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal   provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   
   

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   27-33

   months

D-1

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

7.   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
     If the maximum sentence authorized by statute is below, or a minimum
     sentence required by statute is above, the guideline range entered in Item 6,
     enter either the guideline range as restricted by statute or the sentence
     required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of
     conviction is required by statute to be consecutive to the sentence on any
     other count of conviction, explain why.



months

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [×] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)
   2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [×] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
      The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

   ☐  1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

   ☒  2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   ☐  3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   ☐  4. The statute of conviction requires a minimum term of supervised release of ▨▨▨ years.

   c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

      The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

   ☐  1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

   ☐  2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

E-2

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒  5.  Restitution is not applicable.


6. **FINE (U.S.S.G. § 5E1.2)**

a.  <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| <u>Minimum Fine</u> | <u>Maximum Fine</u> |
|---|---|
| $10,000 | $100,000 |

E-3

| Defendant: | Joseph Ashton | Count: | One |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. §§ 1343, 1349 |

**7.  SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100_____.

**8.  FORFEITURE (U.S.S.G. § 5E1.4)**

☒ Assets of the defendant will be forfeited.

☐ Assets of the defendant will not be forfeited.

**9.  ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

**10.  UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2S1.1 (a)(1) | Money laundering | 19 |
| 2S1.1(b)(A) | Convicted under § 1957 | +1 |
| | | |
| | | |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| 3B1.3 | Abuse of position of trust | +2 |
| | | |
| | | |

A-1

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

22

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*



A-2

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

5. **TOTAL UNITS**

unit

unit

unit

unit

units

B-1

| | | | |
|---|---|---|---|
| Defendant: | Joseph Ashton | Count: | Two - money laund. |
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

6. **INCREASE IN OFFENSE LEVEL**

1 unit ⟶ no increase
1 1/2 units ⟶ add 1 level
2 units ⟶ add 2 levels
2 1/2 – 3 units ⟶ add 3 levels
3 1/2 – 5 units ⟶ add 4 levels
> 5 levels ⟶ add 5 levels

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

1.    **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                                   **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                                   **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                                                               **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



**4. TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

| | |
|---|---|
| | 0 |

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

| |
|---|
| I |

C-3

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|------------|---------------|--------|---------------------|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

## WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   > 22

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   > -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   > 19

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   > I

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. <u>Criminal History Category:</u>  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   > 30-37

   months

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

7.      **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

## WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**

   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [X]  1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ]  2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]  3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   [ ]  1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   [ ]  2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [X]  a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ]  b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

**4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a.   <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.   <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

        1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

        2.   [X]  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

        3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

        4.   The statute of conviction requires a minimum term of supervised release of [   ] years.

    c.   Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

        1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

        2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $_____.

E-2

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

☐   3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐   4.   The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒   5.   Restitution is not applicable.

## 6.  FINE (U.S.S.G. § 5E1.2)

a.   Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)   However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.   Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $10,000 | $100,000 |

E-3

| Defendant: | Joseph Ashton | Count: | Two - money laund. |
|---|---|---|---|
| Docket No.: | 19-cr-20738 | Statute(s): | 18 U.S.C. § 1956(h) |

**7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100 _____.

**8. FORFEITURE (U.S.S.G. § 5E1.4)**

| ☒ | Assets of the defendant will be forfeited. | ☐ | Assets of the defendant will not be forfeited. |
|---|---|---|---|

**9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

_____

**10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)