```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Government,

                                    **HONORABLE BERNARD A. FRIEDMAN**

   v.

                                    **No. 19-20738**

**JOSEPH ASHTON,**

        Defendant.

_____/

**ARRAIGNMENT AND GUILTY PLEA HEARING**

**Wednesday, December 4, 2019**

- - -

APPEARANCES:

For the Government:           FRANCES CARLSON, ESQ.
                                  EATON BROWN, ESQ.
                                  Assistant U.S. Attorney

For the Defendant:            JEROME A. BALLAROTTO, ESQ.

- - -

*To Obtain Certified Transcript, Contact:*
*Ronald A. DiBartolomeo, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 1067*
*Detroit, Michigan  48226*
*(313) 962-1234*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

```
                       I  N  D  E  X
                                                              Page
Guilty plea hearing                                              3




















                       E  X  H  B  I  T  S
Identification                                    Offered    Received


                   N     O     N     E
```

```
 1                                    Detroit, Michigan
 2                                    Wednesday, December 4, 2019
 3
 4                           -  -  -
 5          THE CLERK:  The Court calls criminal matter
 6   19-20738, Defendant Number 1, United States of America
 7   versus Joseph Ashton.
 8          Counsel, please state your appearances for the
 9   record starting with the government.
10          MS. CARLSON:  Good afternoon, your Honor.
11   Frances Carlson appearing on behalf of the United States.
12          MS. BROWN:  Good afternoon, your Honor.
13   Eaton Brown appearing on behalf of the United States.
14          MR. BALLAROTTO:  Yes.  Good afternoon, your
15   Honor.  Jerome A. Ballarotto on behalf of Mr. Ashton.
16          THE COURT:  Okay.  Let the record reflect
17   today is the date and time for a scheduled arraignment on
18   the information.
19          THE CLERK:  Yes.
20          THE COURT:  Counsel, it is my understanding
21   that your client at this time wishes to stand moot; that
22   he has, I see, signed a waiver of indictment and
23   acknowledgement of the information, is that correct?
24          MR. BALLAROTTO:  That's correct, your Honor.
25          THE COURT:  Okay.  The Court will enter a
```

```
1    plea for this purpose of not guilty, and will have file
2    his acknowledgement and information and waiver indictment.
3             Okay.  I understand that, however, the defendant
4    wishes enter a plea, however, subject to a Rule 11 plea
5    agreement.  Government, is that your understanding?
6                  **MS. CARLSON:**  Yes, your Honor.
7                  **THE COURT:**  And defense?
8                  **MR. BALLAROTTO:**  I'm sorry?
9                  **THE COURT:**  My understanding is that your
10   client wishes to enter a plea of guilty, however, subject
11   to a Rule 11 plea agreement, is that correct?
12                 **MR. BALLAROTTO:**  Yes, your Honor, that's
13   correct.
14                 **THE COURT:**  Okay.  Mr. Ashton, you may stand,
15   please.  Please raise your right hand.
16
17             (Defendant sworn in by the Court.)
18
19                 **MR. BALLAROTTO:**  Would you like us at the
20   podium?
21                 **THE COURT:**  Yes.  Thank you.
22        Mr. Ashton, a lot of things are going to happen
23   today, and the most important of which is that you
24   understand everything that's going on.  So if you have any
25   questions whatsoever -- there's no dumb question -- make
```

1   sure you ask your lawyer, ask me, because I don't want you
2   to leave the courtroom with any misunderstanding or not
3   understanding something, okay?
4       **THE DEFENDANT:** Yes, your Honor.
5       **THE COURT:** My understanding is that the
6   defendant will plea guilty, however, subject to a Rule 11
7   plea agreement.
8       I'm going to ask the government to place the
9   substance of that agreement on the record, and counsel and
10  Mr Ashton, please listen carefully because I will be
11  asking a lot of questions in a minute.
12      Please be kind enough to place the substance on
13  the record, and move closer so that our court reporter can
14  hear. There you go.
15      **MS. CARLSON:** The defendant has agreed to
16  plea guilty to Counts 1 and 2 of the information, which
17  charges him with conspiracy to commit honest services
18  fraud, as well as conspiracy to commit money laundering.
19      The factual basis which the defendant --
20      **THE COURT:** The maximum penalties on Count 1
21  is up to 20 years in prison, and Count 2 up to 10 years in
22  prison, the maximum.
23      **MS. CARLSON:** Correct, and both carry a
24  maximum fine of up to $250,000.
25      **THE COURT:** Okay. Good. Thank you.

1         **MS. CARLSON:** The factual basis to which the
2    defendant agrees is contained on Pages 3 through 6 of the
3    plea agreement.
4         Also as part of the Rule 11, the government's
5    recommended guideline range is 30 to 37 months, and the
6    defendant agrees with this guideline range.  Nothing in
7    the plea agreement prevents the defendant from seeking a
8    variance under 18 U.S.C. 3553.
9         If the Court accepts the plea agreement, the
10   sentence may not exceed the top of the guideline range of
11   37 months.
12        Following any term of imprisonment, the Court may
13   imposed a term of supervised release of up to three years.
14        The defendant will also a pay special assessment
15   fee of $200.00 immediately after sentence is imposed.
16        Also, the defendant agrees to forfeit any and all
17   property which constitutes or is derived from proceeds
18   traceable to the crimes which the defendant is pleading
19   guilty.
20        And specifically, the defendant agrees to the
21   entry of a forfeiture money judgment against him in the
22   amount of $250,000, which the amount -- which is the
23   amount of kickback payments that he personally obtained as
24   a result of the honest services fraud and money laundering
25   conspiracy.

*19-20738; USA v. JOSEPH ASHTON*

```
 1              Also as part of the agreement, the defendant has
 2   agreed to waive his right to appeal.  Specifically, he
 3   waives any right he has to appeal his conviction.  If the
 4   sentence does not exceed 37 months, he waives any right he
 5   has to appeal his sentence.
 6              Also, if the sentence of the Court is at least 30
 7   months, the government waives its right to appeal the
 8   defendant's sentence.
 9              And that is the summon substance of the plea
10   agreement.
11              **THE COURT:**  Okay.  Counsel, is that your
12   understanding?
13              **MR. BALLAROTTO:**  It is, your Honor.
14              **THE COURT:**  And Mr. Ashton, you heard what
15   the government just placed on the record.  Is that your
16   understanding of the substance of the agreement?
17              **THE DEFENDANT:**  Yes, it is, your Honor.
18              **THE COURT:**  You also had an opportunity to
19   sign this document, the Rule 11 plea agreement, is that
20   correct?
21              **THE DEFENDANT:**  Yes.
22              **THE COURT:**  I see that it has your signature
23   on it.  Can I take it, since it has your signature, that
24   you had a chance to read it, go over it with your lawyer,
25   and to understand it, is that correct?
```

*19-20738; USA v. JOSEPH ASHTON*

1        **THE DEFENDANT:** Yes, your Honor.
2        **THE COURT:** Has anybody promised you
3    anything, or threatened you in any way to plea guilty
4    other than what's contained in this document that we just
5    talked about on the record?
6        **THE DEFENDANT:** No, your Honor.
7        **THE COURT:** Okay. Are you pleading guilty
8    freely and voluntarily?
9        **THE DEFENDANT:** Yes.
10       **THE COURT:** You're pleading guilty because
11   you feel that you are guilty?
12       **THE DEFENDANT:** Yes, your Honor.
13       **THE COURT:** Do you understand that under our
14   system of justice, you don't have to plea guilty to
15   anything at all? You don't have to do anything at all;
16   that as you stand here today, if I had to make a decision,
17   that decision would be that you're not guilty, because the
18   burden is always upon the government to prove your guilt.
19   Even if you're guilty, the government still has to prove
20   it, and they have to prove it beyond a reasonable doubt.
21       What that means is that each juror has to be
22   convinced beyond a reasonable doubt of your guilt. Even
23   if you have one juror that has a reasonable doubt, a doubt
24   which they could attach a reason, you couldn't be found
25   guilty, do you understand that?

*19-20738; USA v. JOSEPH ASHTON*

1          **THE DEFENDANT:**  Yes, your Honor.

2          **THE COURT:**  You understand that at that
3     trial, the government couldn't just come in here and say
4     he did this and so forth.  They would have to prove it
5     beyond a reasonable doubt by calling witnesses.  You have
6     a right to see those witnesses.  You have a right to cross
7     examine them, what we call asking the witness questions
8     either through yourself -- generally it is done through
9     your attorney.  Those questions are designed to see if
10    that person really did what they said they did, saw what
11    they said they saw, examine what they said they examined,
12    or just even to confuse them to challenge their
13    credibility, you understand that?

14         **THE DEFENDANT:**  Yes, your Honor.

15         **THE COURT:**  At that trial, you don't have to
16    do anything at all, just appear, and if you chose to do
17    nothing at all, it could not be used against you.  In
18    fact, I would tell the jurors that you have a right to be
19    presumed innocent until proven guilty by the government
20    beyond a reasonable doubt, and if you chose to do nothing,
21    they couldn't use that against you, you understand that?

22         **THE DEFENDANT:**  Yes, your Honor.

23         **THE COURT:**  And do you understand that you
24    also have a right at that trial, if you wanted to, to call
25    witnesses, and if those witnesses didn't voluntary come, I

```
 1    would order them here by what we call subpoena, and if
 2    they still didn't come, I would ask the U.S. Marshals to
 3    pick them up and bring them here so that you would have
 4    whoever you think is important to your case, you
 5    understand that?
 6                 THE DEFENDANT:  Yes.
 7                 THE COURT:  You also understand at that
 8    trial, if you wanted to, you could testify -- are you
 9    okay?
10                 THE DEFENDANT:  Yes.
11                 THE COURT:  You sure?
12                 THE DEFENDANT:  Yes, I'm sure.
13                 THE COURT:  Okay.  If you're not, would you
14    prefer sitting?
15                 THE DEFENDANT:  No, I'm fine.
16                 THE COURT:  Okay.  If you want to at the
17    trial, you could testify and tell your side, whatever you
18    wanted, but you wouldn't have to, you understand that?
19                 THE DEFENDANT:  Yes.
20                 THE COURT:  You also understand at that
21    trial, you have the right to have your attorney present
22    during the court proceedings, and his job is to protect
23    all of your rights, and he would consult with you, protect
24    your rights, you understand that?
25                 THE DEFENDANT:  Yes.
```

```
 1                THE COURT:  Are you satisfied with his
 2   representation?
 3                THE DEFENDANT:  Yes, your Honor.
 4                THE COURT:  Okay.  In terms of the factual
 5   basis, perhaps --
 6                MS. CARLSON:  I can question him.
 7                THE COURT:  Do you mind?
 8                MS. CARLSON:  Sure.  Mr. Ashton, from
 9   approximately July 2010 through July 2014, were you the
10   UAW Vice President and Director of the General Motors
11   Department?
12                THE DEFENDANT:  Yes.
13                MS. CARLSON:  Did you also during that time
14   frame serve as an officer on the Center for Human
15   Resources Executive Board?
16                THE DEFENDANT:  Yes.
17                MS. CARLSON:  And in those roles, were you a
18   fiduciary of both the UAW and the CHR?
19                THE DEFENDANT:  Yes.
20                MS. CARLSON:  And does the UAW and CHR policy
21   prohibit you from accepting kickbacks and from improperly
22   using your position to benefit yourself?
23                THE DEFENDANT:  Yes.
24                MS. CARLSON:  Your family and your friends?
25                THE DEFENDANT:  Yes.
```

*19-20738; USA v. JOSEPH ASHTON*

```
 1            MS. CARLSON:  From approximately 2012 through
 2   July 2016, did you conspire with Jeffery Pietrzyk and
 3   others to engage in a scheme to defraud the CHR and the
 4   UAW members of their right to your honest services by
 5   engaging in a scheme to personally enrich yourself?
 6            THE DEFENDANT:  Yes.
 7            MS. CARLSON:  And that was by using your high
 8   level position with the CHR and the UAW to deceptively
 9   influence which vendors received contracts with CHR?
10            THE DEFENDANT:  Yes.
11            MS. CARLSON:  And specifically during this
12   time period, did you influence the awarding of a contract
13   to a vendor from the Philadelphia, Pennsylvania area to
14   provide 58,000 watches to the CHR for distribution to GM
15   workers?
16            THE DEFENDANT:  Yes.
17            MS. CARLSON:  And that contract was worth
18   almost $4 million?
19            THE DEFENDANT:  Yes.
20            MS. CARLSON:  And for your role in
21   influencing that contract award, did you demand and
22   receive approximately $250,000 in kickbacks from that
23   vendor in the form of cash and checks?
24            THE DEFENDANT:  Yes.
25            MS. CARLSON:  And did you deposit those
```

1   checks into your personal bank account?
2      **THE DEFENDANT:** Yes.
3      **MS. CARLSON:** Did you also cause the CHR to
4   send payments via wire -- by interstate wire to that
5   vendor for as part of that contract?
6      **THE DEFENDANT:** Yes.
7      **MS. CARLSON:** And during the same time
8   period, did you also conspire with Jeffery Pietrzyk and
9   others to knowingly engage in monetary transactions; that
10  is, depositing those kickback payments into your bank
11  accounts, affecting interstate commerce?
12     **THE DEFENDANT:** Yes.
13     **MS. CARLSON:** And is the criminally derived
14  property involved in that overall money laundering
15  conspiracy of a value of at least $250,000?
16     **THE DEFENDANT:** Yes.
17     **MS. CARLSON:** Nothing further.
18     **THE COURT:** Counsel, any further questions
19  that you have of your client?
20     **MR. BALLAROTTO:** No additional questions,
21  your Honor.
22     **THE COURT:** Both sides satisfied that there
23  is a sufficient factual basis, and that the defendant has
24  freely and voluntarily waived his statutory and
25  Constitutional Rights?

      *19-20738; USA v. JOSEPH ASHTON*

1  **MS. CARLSON:** Yes, but I should ask the
2  defendant, these actions took place in the Eastern
3  District of Michigan? In fact, the CHR is headquartered
4  here in Detroit, Michigan?
5  **THE DEFENDANT:** Yes.
6  **THE COURT:** Thank you. I forgot about that
7  tool.
8  Okay. Are you satisfied that there is a
9  sufficient factual basis, and that the defendant has
10 freely and voluntarily waived his statutory and
11 Constitutional Rights?
12 **MS. CARLSON:** Yes.
13 **THE COURT:** Defense?
14 **MR. BALLAROTTO:** Yes.
15 **THE COURT:** Okay. The Court will accept the
16 plea in this matter. The matter will be referred to the
17 Probation Department for the purpose of a Pre-Sentence
18 Investigation Report, and what is the sentencing date?
19 **THE CLERK:** Tuesday, March 3, 2020 at 11:30.
20 **THE COURT:** Okay. It is my understanding
21 that both the government, as well as the defense, has had
22 an opportunity to discuss appearance in this particular
23 matter with Pretrial Services, and the Court will order a
24 $10,000 bond with the standard conditions of this Court.
25 And in addition to that, my understanding is that

```
 1    the defendant is going to turn his passport over to
 2    Pretrial Services somewhere around December 15th or so;
 3    that he has it New Jersey, and will provide that to the
 4    Probation Department.
 5            Standard conditions also include no firearms in
 6    his possession, and also that he may travel within the
 7    continental United States.
 8            Is there any other matter that we should talk
 9    about by the government in relation to bond?
10                 MS. CARLSON:  No, your Honor.
11                 MR. BALLAROTTO:  Personal cognizance bond,
12    your Honor?
13                 THE COURT:  Yes, $10,000 personal bond.
14          Anything else?
15                 MS. CARLSON:  No, your Honor.
16                 MR. BALLAROTTO:  No, your Honor.
17                 THE COURT:  Sentencing date?
18                 MR. BALLAROTTO:  March 3rd.
19                 THE COURT:  What's that?
20                 THE CLERK:  March 3rd.
21                 THE COURT:  Okay.  Anything further?
22                 MR. BALLAROTTO:  No.
23                 MS. CARLSON:  No your Honor.
24                 THE COURT:  Thank you very much.
25
```

*19-20738; USA v. JOSEPH ASHTON*

1             (Proceedings concluded.)

2                     **-   -   -**

3              **C E R T I F I C A T I O N**

4        I, Ronald A. DiBartolomeo, official court

5  reporter for the United States District Court, Eastern

6  District of Michigan, Southern Division, appointed

7  pursuant to the provisions of Title 28, United States

8  Code, Section 753, do hereby certify that the foregoing is

9  a correct transcript of the proceedings in the

10 above-entitled cause on the date hereinbefore set forth.

11       I do further certify that the foregoing

12 transcript has been prepared by me or under my direction.

13

14 s/Ronald A. DiBartolomeo                    _February 7, 2020
   Ronald A. DiBartolomeo, CSR                          Date
15 Official Court Reporter

16                    **-   -   -**

17

18

19

20

21

22

23

24

25

*19-20738; USA v. JOSEPH ASHTON*