UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,

vs.

Joseph Ashton,

                Defendant.
_____/

Criminal No. 19-cr-20738

Honorable Bernard A. Friedman

## APPLICATION FOR ENTRY OF
## PRELIMINARY ORDER OF FORFEITURE

      Plaintiff, by and through its attorneys, applies to this Court for entry of a Preliminary Order of Forfeiture. In support of this application, the United States provides as follows:

      1.      On November 6, 2019, the United States filed an Information against Defendant, Joseph Ashton ("Defendant"), which charged him with Count One, Conspiracy to Commit Honest Services Wire Fraud in violation of 18 U.S.C. § 1349; and Count Two, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). (ECF No. 1). The Information includes Forfeiture Allegations.

      2.      The Information provides notice that upon conviction of Count One, Defendant shall forfeit to the United States, any property, real or personal, which

constitutes or is derived from proceeds obtained, directly or indirectly, as a result of conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349. The Information states that the forfeiture may include entry of a forfeiture money judgment representing a sum of money equal to the total amount of proceeds obtained as a result of Defendant's participation in the conspiracy to commit honest services wire fraud. (ECF No. 1, p. ID 11).

3. The Information also provides notice that upon conviction of Count Two, the Defendant shall forfeit to the United States, any property, real or personal, involved in such offense, and any property traceable to such property. The Information states that the forfeiture includes, but is not limited to, a forfeiture money judgment representing a sum of money equal to the total amount of property involved in the money laundering conspiracy. (ECF No. 1, p. ID 11-12).

4. On or about December 5, 2019, Defendant pleaded guilty to Counts One and Two of the Information under a Rule 11 Plea Agreement. (ECF No. 11).

5. In his Rule 11 Plea Agreement, Defendant agreed to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable to his participation in the described honest services wire fraud conspiracy under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Defendant also agreed to forfeit any property, real or personal, involved in or traceable to the money laundering conspiracy under 18 U.S.C. § 982(a)(1). Specifically,

Defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $250,000.00. (ECF No. 11, p. ID 39).

6. As part of his Rule 11 Plea Agreement, Defendant agreed that he personally obtained at least $250,000.00 as bribe payments as described in the Factual Basis for Guilty Plea section of the Rule 11. (ECF No. 11, p. ID 39). In addition, Defendant acknowledged that he demanded and accepted hundreds of thousands of dollars in bribes and kickbacks from Vendor B. (ECF No. 11, p. ID 36). Defendant further agreed that he knowingly engaged in monetary transactions with the bribes/kickbacks he received to conceal the nature of the funds. (ECF No. 11, p. ID 39-40).

7. As part of his Rule 11 Plea Agreement, Defendant agreed to the Court's prompt entry of one or more orders of forfeiture, and agreed to sign a Stipulated Preliminary Order of Forfeiture for the $250,000.00 money judgment. Defendant further agreed that the forfeiture order shall be final and effective as to him upon entry. (ECF No. 11, p. ID 40).

8. Federal Rule of Criminal Procedure 32.2 directs the Court to enter a Preliminary Order of Forfeiture in advance of sentencing, unless doing so is impractical. (Fed. R. Crim. P. 32.2(b)(2)(A), (B)). Defendant's sentencing is scheduled for March 17, 2020. Therefore, it is appropriate for the Court to enter a Preliminary Order of Forfeiture at this time.

9. Federal Rule of Criminal Procedure 32.2 directs the Court to determine the amount of any forfeiture money judgment. (Fed. R. Crim. P. 32.2(b)(1)(A)). In determining the amount of the forfeiture money judgment, the Court may rely on "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." (Fed R. Crim. P. 32.2(b)(1)(B)).

10. In accordance with Local Rule 7.1, Government counsel communicated with Defendant's attorney, Jerome A. Ballarotto, regarding the United States' intention to apply for the forfeiture money judgment agreed to in the Rule 11 Plea Agreement. Mr. Ballarotto responded that Defendant planned to pay the entire $250,000.00 forfeiture money judgment on the day of sentencing.

11. Because Defendant agreed to forfeiture in his Rule 11 Plea Agreement, and based on the acknowledgments in the Rule 11 and the record in this case, the United States requests entry of a Preliminary Order of Forfeiture for the agreed $250,000.00 forfeiture money judgment.

Based on the Information, the Rule 11 Plea Agreement, the attached brief, and the record in this case, and under Federal Rule of Criminal Procedure 32.2, and 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1), the United States requests entry of the proposed Preliminary Order of

Forfeiture against Defendant for a forfeiture money judgment in the amount of $250,000.00. The proposed Preliminary Order of Forfeiture shall be submitted concurrently via ECF Utilities.

          Respectfully submitted,

          MATTHEW SCHNEIDER
          United States Attorney

          s\Adriana Dydell
          ADRIANA DYDELL
          Assistant United States Attorney
          211 W. Fort Street, Ste. 2001

Dated: March 11, 2020          Detroit, MI 48226
          (313) 226-9125
          adriana.dydell@usdoj.gov
          (CA Bar No. 239516)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

           Criminal No. 19-cr-20738

    Plaintiff,

vs.             Honorable Bernard A. Friedman

Joseph Ashton,

    Defendant.
_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S APPLICATION
FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE**

**I.  INTRODUCTION**

The United States incorporates by reference all of the facts set forth in its Application for Entry of Preliminary Order of Forfeiture. In sum, the Information in this matter charged Defendant, Joseph Ashton ("Defendant"), with Conspiracy to Commit Honest Services Wire Fraud in violation of 18 U.S.C. § 1349 and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). Defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Counts One and Two of the Information on or about December 5, 2019.

As part of his Rule 11 Plea Agreement, Defendant agreed that he personally obtained at least $250,000.00 in bribe payments and knowingly engaged in monetary transactions with the bribes he received to conceal the nature of the funds. (ECF No. 11, p. ID 39-40). The Factual Basis for Guilty Plea section of the

Rule 11 also supports the requested forfeiture order. (*See* ECF No. 11, p. ID 33-36). Defendant also agreed to the Court's entry of one or more orders of forfeiture. (ECF No. 11, p. ID 40). Based on these facts and the law discussed herein, the United States requests that the Court enter a Preliminary Order of Forfeiture for a $250,000.00 forfeiture money judgment.

## II. DISCUSSION

### a. Forfeiture is Mandatory.

Forfeiture of the criminal proceeds of conspiracy to commit honest services fraud is authorized under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Under 18 U.S.C. § 981(a)(1)(C), forfeiture is measured by the "proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity.'" 18 U.S.C. § 981(a)(1)(C). Further, 28 U.S.C. § 2461(c) mandates that the Court impose forfeiture as part of Defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court **shall** order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit also recognizes that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)). The Sixth Circuit has also authorized the entry of forfeiture money judgments.

*Hampton*, 732 F.3d at 692 (joining the consensus view and holding that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at the time of sentencing).

Similarly, forfeiture of property involved in money laundering is authorized under 18 U.S.C. § 982. Specifically, in imposing sentence on a defendant convicted of money laundering the Court "**shall** order that the person forfeit to the United States any property, real or personal, **involved in** such offense." 18 U.S.C. § 982(a)(1) (emphasis added); *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998) (section 982(a)(1) "mandates" that property involved in or traceable to the money laundering offense be forfeited).

Because Defendant has agreed to forfeiture and has been convicted of offenses that require forfeiture under the applicable statutes, the Government requests entry of a Preliminary Order of Forfeiture prior to sentencing.

### b. The Forfeiture Amount.

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in pertinent part, that: "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Federal Rule of Criminal Procedure 32.2(b)(1)(B) provides that "[t]he court's determination may be based on evidence already in the record, including any

written plea agreement…" In his Rule 11, Defendant acknowledged that he personally obtained at least $250,000.00 in criminal proceeds as bribe payments. (ECF No. 11, p. ID 39). Defendant also acknowledged that he knowingly engaged in financial transactions with at least $250,000.00 of criminally derived property. (ECF No. 11, p. ID 40). Therefore, the United States requests entry of a $250,000.00 forfeiture money judgment.

### c. Entry of the Forfeiture Order.

Rule 32.2 provides for entry of a Preliminary Order of Forfeiture, stating that if the Court finds property subject to forfeiture, "it must promptly enter a preliminary order of forfeiture **setting forth the amount of any money judgment**." Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added).

Defendant is scheduled to be sentenced on March 17, 2020. Therefore, it is appropriate to enter a Preliminary Order of Forfeiture at this time. For the reasons stated herein and based on the authority cited and the record in this case, the United States respectfully requests entry of a Preliminary Order of Forfeiture for a $250,000.00 forfeiture money judgment.

### III. CONCLUSION

Based upon the applicable law and the record in this case, the United States respectfully requests that the Court enter the proposed Preliminary Order of

Forfeiture for a $250,000.00 forfeiture money judgment against Defendant, in favor of the United States.

<table>
<tr><td>Dated: March 11, 2020</td><td>Respectfully submitted,<br><br>MATTHEW SCHNEIDER<br>United States Attorney<br><br>s\Adriana Dydell<br>ADRIANA DYDELL (CA Bar No. 239516)<br>Assistant United States Attorney<br>211 W. Fort Street, Ste. 2001<br>Detroit, MI 48226<br>(313) 226-9125<br>adriana.dydell@usdoj.gov</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2020, the foregoing was electronically filed using the ECF system which will send notification of such filing to all ECF participants.

    s\Adriana Dydell
    ADRIANA DYDELL
    Assistant United States Attorney
    211 W. Fort Street, Ste. 2001
    Detroit, MI 48226
    (313) 226-9125
    adriana.dydell@usdoj.gov